# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00526-RJC-DSC

| | |
|---|---|
| KEVIN FONSECA, | ) |
| Plaintiff, | ) )  ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) ) |
| AMERICAN NATIONAL RED CROSS ET AL, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," Doc. 8, filed November 23, 2020 and the parties' associated briefs, Docs. 9-11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brings this action against his former employer American National Red Cross for incorrect calculation of lost wages and health insurance premiums.

In February of 2015, Plaintiff was hired by Red Cross as a Collection Technician in Charlotte. Due to issues that developed during his employment, Red Cross terminated him on September 19, 2017. As a member of Teamsters Local 71 Union, Plaintiff brought a grievance

against Red Cross through a Union representative. In accordance with the Collective Bargaining Agreement between the Union and Red Cross, the grievance went to an arbitration proceeding.

Arbitrator Sue Shaw presided over the arbitration proceeding. Following hearings on May 4, 2018 and May 14, 2018, Plaintiff was awarded reinstatement to his job as well as lost wages and benefits. Arbitrator Shaw issued a clarifying ruling on October 15, 2018 stating that the award included actual overtime earnings prior to his termination. On October 23, 2018, Plaintiff's Union representative and counsel for Red Cross agreed upon the amounts to be paid in accordance with the arbitration award. Two days later, Plaintiff received the award.

On November 25, 2019, Plaintiff filed a Complaint in Mecklenburg County District Court alleging that the arbitration reward was miscalculated and Red Cross owed him additional compensation. Specifically, Plaintiff alleged that Red Cross owed him $9,340.02 in additional wages and $5046.22 in out-of-pocket medical expenses. On January 8, 2020, a State Magistrate dismissed the Complaint because the Arbitrator retained jurisdiction over the subject matter.

Through a new Union representative, Plaintiff requested that Arbitrator Shaw reopen the matter on January 13, 2020. She declined to award any additional compensation because the parties agreed to the terms of the award and Red Cross had paid accordingly. Arbitrator Shaw stated that she had no further jurisdiction over this matter and that if Plaintiff was dissatisfied, he could file a claim against the Union.

Once again Plaintiff filed a Complaint against Red Cross in Mecklenburg County District Court. A District Court Judge dismissed the Complaint on July 7, 2020.

On September 22, 2020, Plaintiff filed this Complaint in the United States District Court for the Western District of North Carolina. He asserts a claim against Red Cross for the incorrect calculation of lost wages and health insurance premiums. Defendants filed the instant Motion to

Dismiss on November 23, 2020 pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.3.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true); see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal

conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 F. App'x 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### III. DISCUSSION

### A. Subject Matter Jurisdiction

The Federal Arbitration Act ("FAA") provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2018). The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3 (2018). The United States Supreme Court has described the FAA as "a congressional declaration of a liberal federal policy favoring arbitration agreements[.]" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The Supreme Court has also stated "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 570 U.S. 228, 233 (2013) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985)).

The court is limited to determining whether a valid arbitration agreement exists between the parties and whether the dispute is within the substantive scope of that agreement. Hooters of Am. Inc., v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999). Disputes over the existence of an arbitration agreement should be resolved in favor of arbitration. See Klopfer v. Queens Gap Mountain, LLC, 816 F.Supp.2d 281, 287 (W.D.N.C. 2011). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" U.S. v. Bankers Ins. Co., 245 F.3d 315, 319 (4th Cir. 2001) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25).

Here, Plaintiff does not dispute the scope or validity of the arbitration agreement. The Arbitrator decided in his favor. He was reinstated and awarded lost earnings. Plaintiff now claims that the award was miscalculated. This Court lacks subject matter jurisdiction to adjudicate that claim. The arbitration agreement between the Union and Red Cross is valid, and the disputed issue is within the scope of the arbitration agreement.

For those and the other reasons stated in Defendants' brief, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

### B. Collateral Estoppel

The doctrines of collateral estoppel and res judicata establish "that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties[.]" Aliff v. Jay Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990) (quoting Southern Pacific R.R. v. United States, 168 U.S. 1, 48-49 (1897)). The following elements must be shown for collateral estoppel to apply:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack v. Braswell Services Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998). "[W]hen a defendant employs the doctrine "to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant," it is known as "defensive collateral estoppel." In re Microsoft Corp. Antitrust Litigation, 355 F.3d 322, 326 (4th Cir. 1998) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). "[N]umerous cases support the application of res judicata or collateral estoppel when the losing party in an arbitration proceeding seeks to reopen its case in federal court." Little Six Corp. v. United Mine Workers of America, Local Union No. 8332, 701 F.2d 26, 29 (4th Cir. 1983).

The elements of collateral estoppel have been established. Plaintiff admits that this action arises from the matter previously arbitrated. The Arbitrator decided in Plaintiff's favor. She refused to reopen the proceeding because the parties agreed upon the calculation of the award and Plaintiff received the award. Plaintiff, through his Union representative, has had a full and fair opportunity

to pursue his claim under the Collective Bargaining Act. The Arbitrator's decision was final. The undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss," Doc. 8, be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: February 1, 2021

David S. Cayer
United States Magistrate Judge